CARL HECK ENGINEERS,
INC., Plaintiff,

v.

LAFOURCHE PARISH POLICE JURY,
Defendant-Third Party
Plaintiff-Appellant,

v.

MARYLAND CASUALTY COMPANY,
Third Party Plaintiff
Defendant-Appellee.

No. 79–1388.

United States Court of Appeals,
Fifth Circuit.

July 23, 1980.

Rehearing Denied Sept. 5, 1980.

Jerome J. Barbera, III, Asst. Dist. Atty., 17th Judicial District, Thibodaux, La., for defendant-third party plaintiff-appellant.

Marian Mayer Berkett, Matt J. Farley, New Orleans, La., for third party plaintiff defendant-appellee.

Before AINSWORTH and CHARLES CLARK, Circuit Judges, and HUNTER *, District Judge.

AINSWORTH, Circuit Judge:

This is an appeal by Lafourche Parish (Louisiana) Police Jury (Lafourche) from an adverse judgment in its third party action against Maryland Casualty Company (Maryland) growing out of a claim against appellant in a defaulted public road contract. Involved are two rulings of the district court in the third party action in which in the first instance the district judge granted the motion of third party defendant-appellee Maryland to sever the third party claim and remand the original cause of action to the state court from whence the entire matter had been removed.[1] In its second ruling, the district judge, treating appellee Maryland's motion to dismiss as a motion for summary judgment,[2] granted summary judgment in favor of Maryland and against third party plaintiff-appellant Lafourche dismissing appellant's third party claim. We affirm.

Appellant Lafourche entered into a contract with Donald G. Lambert Contractor, Inc. (Lambert), for the construction and repair of certain parish roads. The contract was secured by a payment and performance bond furnished by appellee Maryland and provided for retention of funds by Lafourche and payment to it of liquidated damages in the event Lambert defaulted.

Lafourche also contracted separately with Carl Heck Engineers, Inc. (Heck), the plaintiff in the original claim against Lafourche, for engineering services on the project. The contract also provided for liquidated damages to be paid Heck out of the contract funds retained by Lafourche in the event of delay in project completion. Neither Lambert nor Maryland were parties to Lafourche's contract with Heck.

Prior to completion Lambert abandoned the project and Maryland assumed Lambert's contract under certain additional terms. Maryland agreed to provide a new contractor upon Lafourche's approval and Lafourche agreed to waive liquidated damages should the new contractor complete the work within a specified time, which extended beyond the period promised by Lambert and provided for in Lafourche's contract with Heck. Lafourche turned over to Maryland all contract funds, including those retained and Maryland agreed to hold Lafourche harmless "from any liabilities or loss resulting from claims made by persons . . . asserting a lien, privilege or ownership in the funds so released to Maryland . . . ."[3] The work provided in Maryland's relet contract was timely completed and the job was accepted by Lafourche.

Subsequently, however, Heck filed suit against Lafourche in a Louisiana state court seeking liquidated damages because the project had not been completed in the time provided for in Heck's contract with Lafourche. Lafourche then filed a third party claim against Maryland, contending

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. Implicit in the district court's ruling was a denial of the motion of third party plaintiff-appellant Lafourche Parish Police Jury to remand the entire case to the state court.

   Also before the court was appellee Maryland's motion to dismiss appellant's third party complaint which the district court denied since appellant Lafourche, at the time of the hearing on these motions, indicated a desire to amend its complaint against Maryland. In its ruling the court stated it would allow Maryland to reurge the same motion at a later time, which it subsequently did.

2. Since the district court considered matters outside the pleadings, the judge treated Maryland's motion to dismiss as a motion for summary judgment.

3. The full paragraph reads as follows:

   We agree to hold the Parish of Lafourche and its employees, agents and representatives harmless from any liabilities or loss resulting from claims made by persons [including a Trustee or Receiver] asserting a lien, privilege or ownership in the funds so released to Maryland, and Maryland shall provide a defense against any such claims when notified of said claims or suits brought on said claims.

that Maryland was required to defend Lafourche and hold it harmless from Heck's claim in accordance with Maryland's takeover agreement with Lafourche. Maryland by appropriate motion then removed the entire action to federal court. Once there it filed motions to sever the main and third party actions, to remand the main demand to state court and to dismiss the third party claim. Lafourche moved to remand the entire case to state court.

In granting Maryland's motions, the district court held that the action was properly removable to federal court under 28 U.S.C. § 1441(c). This section provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In noting that there was diversity of citizenship between Maryland and Lafourche the district court found that the third party claim would be removable if sued upon alone.[4] It also held that although the question of Maryland's liability under its indemnity agreement with Lafourche was related to the circumstances surrounding Heck's claim for liquidated damages, the third party claim was separate and independent from the claim asserted in the main cause of action. Thus the court had jurisdiction over the entire matter under the provisions of section 1441(c). In its discretion, however, the court chose to sever the claims and remand the original cause of action of Heck to the state court.

Although the decisions are in conflict as to a third party defendant's right to remove a controversy under section 1441(c), the circumstances of this case justify the court's ruling that the cause of action was removable. A number of cases have held that a

cause of action is not removable where the main claim could not have been brought originally in federal court and removal is sought solely on the basis of a third party claim. The cases turn principally on two theories, either the impleaded third party cause of action is merely incidental or ancillary to the main claim and is not a separable controversy, see, e. g., *Hyde v. Carder*, 310 F.Supp. 1340 (W.D.Ky.1970); *Panzer v. Lyons Cafeterias, Inc.*, 21 F.Supp. 263 (E.D. N.Y.1937), or it is unjust to permit a party not sued by the plaintiff to compel the original plaintiff to a trial in a forum not of his own selection, see, e. g., *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321 (N.D. Ill.1967); *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.*, 208 F.Supp. 544 (S.D.N.Y.1962); *Brown v. Hecht Co.*, 78 F.Supp. 540 (D.Md.1947). Professor Moore agrees with these theories and interprets section 1441(c) to allow removal only by the original defendant where there is joinder of separate and independent claims by the plaintiff, adhering to the position that the statute does not authorize removal by a third party defendant. 1A Moore's Federal Practice ¶ 0.167[10], at 413–20 (2d ed. 1979).

Several cases, however, have permitted removal on the basis of a third party claim where a separate and independent controversy is stated. See, e. g., *Central of Georgia Ry. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970); *Gamble v. Central of Georgia Ry.*, 356 F.Supp. 324 (M.D.Ala.), rev'd on other grounds, 486 F.2d 781 (5th Cir. 1973); *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D.Tex.1972); *Wayrynen Funeral Home, Inc. v. J. G. Link & Co.*, 279 F.Supp. 803 (D.Mont.1968); *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284 (D.N.J.1954). This is to us the more rational view. If the removal statute is to be applied uniformly, "construction should not depend on the procedures of a particular state respecting third party practice." *Industrial Lithographic*

---

**4.** There is no diversity of citizenship between plaintiff Heck and defendant Lafourche, both being citizens of Louisiana.

*Co., supra,* 119 F.Supp. at 286. Furthermore, the language of the statute does not require only those causes of action joined by the original plaintiff to form the basis of removal. If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal.

■ Here, the claim for indemnity by Lafourche against Maryland presents a real controversy, not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered. Such actions can be and often are brought in a separate suit from that filed by the original plaintiff in the main claim. If filed in the original suit, therefore, a claim essentially seeking indemnity should be considered separate and independent. *See Bond v. Doig,* 433 F.Supp. 243, 249 (D.N.J. 1977); *Wayrynen Funeral Home, Inc., supra,* 279 F.Supp. at 806; *Rafferty v. Frock,* 135 F.Supp. 292, 293 (D.Md.1955). Since the controversy between Lafourche and Maryland is distinct and independent from the main claim and the parties are diverse from one another for jurisdictional purposes, so that the claim would be removable if sued upon alone, the district court's ruling must be affirmed. That is particularly so where, as here, the court severed the third party action and remanded the main claim to state court so that removal does not defeat plaintiff's choice of forum.

■ In granting summary judgment in favor of appellee Maryland, the district court held that under Louisiana law Heck's claim against Lafourche for liquidated damages was not an assertion of a "lien, privilege or ownership in the funds" released by Lafourche to Maryland in accordance with their agreement, and therefore Maryland could not be required to indemnify Lafourche in the event of its liability to Heck. The court's ruling is correct. The pertinent part of the Louisiana Public Works Act, La.Rev.Stat.Ann. § 38:2242 (West Supp. 1980), provides that if the engineer is not employed by the contractor he has no claim or privilege on the funds due the contractor by the owner nor is he within the coverage of the payment and performance bond required of the contractor.[5] *See Richard and Gaudet v. Housing Authority,* 323 So.2d 168, 170 (La.App. 3d Cir.), *writ denied,* 326 So.2d 337 (La.1976).

As noted earlier, Heck's contract was solely with Lafourche. Neither Lambert, as general contractor, nor Maryland, as surety and later when it assumed Lambert's contract, was ever a party to any agreement with Heck. Heck, therefore, was not "employed by the contractor" for purposes of section 38:2242. Moreover, Maryland's indemnity agreement with Lafourche clearly does not contemplate liability for any liquidated damages that may be owed Heck by Lafourche. Heck's claim is a claim for additional engineering services and not an

---

5. La.Rev.Stat.Ann. § 38:2242 (West Supp.1980) provides:

Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, but including any architect or consulting engineer employed by the owner or his duly authorized agent or representative or engaged by the contractor or subcontractor in connection with the building of any public work, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payment made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claim. If an architect or engineer has not been employed by the contractor or subcontractor he shall have no claim to or privilege on the funds due the contractor or subcontractor, nor shall such architect or engineer be within the coverage of the payment and performance bond required of the contractor by R.S. 38:2241.

assertion of a lien, privilege or ownership in the contract funds released to Maryland.

Furthermore, in accordance with the terms of their contract, Lafourche agreed to relieve Maryland from payment of any liquidated damages that may be due under Lambert's original contract with Lafourche if the relet contractor completed the work within a specified period. The work was completed timely and the job was accepted by Lafourche. Therefore, since there remain no genuine issues of material fact and it is clear Maryland is entitled to judgment as a matter of law, the granting of summary judgment was proper. Fed.R.Civ.P. 56(c).

AFFIRMED.