ACME BRICK COMPANY, Plaintiff,

v.

AGRUPACION EXPORTADORA DE MAQUINARIA CERAMICA, et al., Defendants.

No. 4:94–CV–258–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 14, 1994.

**164**

Donald Edward Herrmann, Barbara Eileen Prats Neely, Kelly Hart & Hallman, Fort Worth, TX, for Acme Brick Co.

Jay Vogelson, David A. Klingler, Stutzman & Bromberg, Dallas, TX, for Agrupacion Exportadora de Maquinaria Ceramica, Ceramic Machinery Inc.

James H. Baumgartner, Vial Hamilton Koch & Knox, David A. Klingler, Stutzman & Bromberg, Dallas, TX, for American Home Assur. Co.

### MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on to be considered in the above-styled and numbered action (i) the motion of plaintiff, Acme Brick Company, ("Acme") to remand, (ii) the motion of defendant and cross-plaintiff, American Home Assurance Company, ("American Home") to remand, and (iii) the motion of defendant and cross-defendant Agrupacion Exportadora de Maquinaria Ceramica ("Agrupacion") for stay and to compel arbitration. The court, having considered such motions, the responses thereto, the remaining portions of the record, and the applicable authorities, has determined that the motions should be disposed of as follows:

### I.

#### Background and Jurisdiction

On April 18, 1994, Agrupacion and Ceramic Machinery, Inc., ("Ceramic") removed this action from the 141st Judicial District Court of Tarrant County, Texas; and, later that same day, they filed an amended notice of removal. Acme instituted this action by original petition filed in the state court on April 9, 1991, alleging breach of contract claims against Agrupacion and Ceramic (then known as "Agemac Incorporated") and seeking recovery from American Home on a payment and performance bond it issued in connection with the contract. On March 1, 1994, American Home filed a cross-claim against Agrupacion and Ceramic that seeks a judgment of indemnity against Ceramic as the principal under the payment and performance bond and a judgment of indemnity against Agrupacion based on a separate written instrument titled "General Agreement of Indemnity" (general agreement).

Agrupacion and Ceramic assert that this court has federal question jurisdiction over American Home's claim against Agrupacion pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331 and that this action has been properly removed pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441. Ceramic acknowledges that it has no independent right of removal, but has joined in the removal by Agrupacion. The parties agree that the general agreement contains an arbitration provision[1] to which the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("convention"), 9 U.S.C. §§ 201–208, applies and that the arbitration provision requires that any discrepancy arising in respect to interpretation and application of the general agreement be submitted to the arbitration system established in the Spanish arbitration law of December 22, 1953.

### II.

#### Bases of the Motions to Remand and the Response

Acme asserts that this action was improperly removed because American Home, a defendant in the state action, has not joined in the removal as required by 9 U.S.C. § 205.

---

1. The arbitration clause provides:

 Both parties agree to submit themselves to the arbitration system established in the Spanish Arbitration Law of Dec. 22, 1953, to solve any discrepancy arising in respect to the interpretation and application of this document. The arbitration will be of equity and conducted in Madrid.

 To such effects, both parties will designate an arbitrator and a third one will be designated by common agreement.

 The award must be rendered within 180 days following the acceptance of his designation by the last arbitrator. This document is to be considered the compromise for arbitration.

American Home maintains that removal was improper because (i) all defendants did not join in the removal as required by 28 U.S.C. § 1446, (ii) the notice of removal was untimely in that it was filed more than thirty days after receipt of a paper from which it could first be ascertained that the case had become removable, and (iii) removal at this time is precipitous because the arbitration provision that forms the basis of the removal provides derivative liability contingent on the resolution of Acme's case against Agrupacion and Ceramic.

Agrupacion and Ceramic maintain that:

A. The claims made by American Home against Agrupacion seek recovery under a contractual indemnity agreement that constitutes a separate and independent claim as contemplated by § 1441(c). Therefore, the joinder of American Home in the removal is not required.

B. The notice of removal was timely filed pursuant to 9 U.S.C. § 205, which provides that a defendant may remove "at any time before the trial."

C. Removal at this time is not precipitous because the cross-claim of American Home seeks recovery at this time, and such claims can be arbitrated without interfering with the other nonarbitral claims in this action.

### III.

*Analysis of Propriety of the Removal*

A. *Failure of All Defendants to Join in the Removal:*

■ As a general rule, all defendants must join in a notice of removal to effectuate proper removal. 28 U.S.C. § 1446; 9 U.S.C. § 205; *In re Amoco Petroleum Additives*

Co., 964 F.2d 706, 712 (7th Cir.1992). *Samuel v. Langham*, 780 F.Supp. 424 (N.D.Tex. 1992). Under the general rule, failure to join all defendants properly joined and served in the state action renders the notice of removal defective. *Farias v. Bexar County Bd. of Trustees Mental Health Mental Retardation Servs.*, 925 F.2d 866 (5th Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). However, "if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against the other defendants, consent of the other defendants is not required." *Henry v. Independent American Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir.1988). Additionally, the Fifth Circuit has held that an entire action can be removed where a third-party plaintiff and the third-party defendant are diverse and a separate and independent controversy is stated. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 (5th Cir.1992); *In re Wilson Indus., Inc.*, 886 F.2d 93, 96 (5th Cir.1989); *Carl Heck Engineers v. La-Fourche Parish Police*, 622 F.2d 133 (5th Cir.1980).[2] A claim for contractual indemnity constitutes a separate and independent claim under 28 U.S.C. § 1441(c). *Jones*, 954 F.2d at 1066. For purposes of the removability of a "separate and independent" claim, there is no reason to distinguish between a third-party claim and a cross-claim.

■ Although American Home's cross-claim for indemnity is related to Acme's claims, it constitutes a separate and independent claim under applicable Fifth Circuit authority. Acme and American Home seem to concede that the cross-claim involves a federal question. Therefore, this action is removable by Agrupacion and Ceramic, without

---

**2.** The decisions in *Jones, In re Wilson*, and *Carl Heck Engineers*, were all based on § 1441(c) prior to its amendment. The present version of § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise nonremovable claims or cause or causes of action, the entire case may be removed and the district court may determine all the issues therein, or, in its discretion, may remand all matters in which state law predominates.

28 U.S.C. § 1441(c). Thus, under the current version of § 1441(c), a "separate and independent claim" can be removed only if that claim is within the jurisdiction conferred by 28 U.S.C. § 1331, *i.e.*, federal question jurisdiction. *See Auto Transportes Gacela S.A. de C.V. v. Border Freight Distributing & Warehouse, Inc.*, 792 F.Supp. 1471 (S.D.Tex.1992). This case involves a federal question, and, although § 1441(c) has been amended, the reasoning in *Jones, In re Wilson*, and *Carl Heck Engineers* is still applicable.

joinder of American Home, pursuant to § 1441(c) and the reasoning of the Fifth Circuit in *Jones, In re Wilson,* and *Carl Heck Engineers* [3].

### B. *Timeliness of Removal:*

This action was removed pursuant to § 205, which provides that:

> Where the subject matter of an action or proceeding pending in a state court relates to an arbitration or agreement or award falling under the convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. . . .

9 U.S.C. § 205. American Home argues that the portion of § 205 which provides that the "procedure for removal of causes otherwise provided by law shall apply" means that the general procedures for removal provided in 28 U.S.C. § 1446(b) must be applied, including the requirement that a notice of removal must be filed within thirty days after receipt of some paper from which it could first be ascertained that the case had become removable. And, the argument goes, because Agrupacion and Ceramic filed their notice of removal more than thirty days after the filing of American Home's cross-claim, the removal is untimely.

American Home fails to give effect to the language in § 205 which provides that "the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding. . . ." 9 U.S.C. § 205. "Nothing could be plainer than the language of 9 U.S.C. § 205," and "[g]iven [the] explicit time rule contained in § 205, the notion that the time provision of 28 U.S.C. § 1446(b)

applies is totally without merit." *Dale Metals Corp. v. Kiwa Chem. Indus. Co., Ltd.,* 442 F.Supp. 78, 81 n. 1 (S.D.N.Y.1977). When discussing the provisions of § 205, the Fifth Circuit has said that:

> Under § 1441(d), a defendant may remove "at any time for cause shown," and under § 205, a defendant may remove "at any time before the trial." Other cases may be removed only within thirty days after the defendant receives a pleading.

*McDermott Int'l v. Loyds Underwriters of London,* 944 F.2d 1199, 1212 (5th Cir.1991). Accordingly, the court concludes that Agrupacion and Ceramic have timely removed this action.

### C. *Section 205 was Invoked by the Filing of the Cross–Claim:*

 The thrust of American Home's argument under the third section of its brief is that the demand of Agrupacion for arbitration of American Home's claim for indemnity is premature because there has been no finding of liability as to any of the defendants. American Home is correct in that there has been no finding of liability as to any of the defendants; however, in its cross-claim, American Home has clearly made a claim and demand against Agrupacion for indemnity at this time. A part of that claim is for costs and attorney's fees, which is not in any way contingent on the liability of Agrupacion to Acme. The controversy over indemnity constitutes an existing dispute under the general agreement. Thus, the subject matter of American Home's cross-claim against Agrupacion relates to the arbitration agreement.

### IV.

### *The Motion to Compel Arbitration*

 The convention contemplates a very limited inquiry by a court when considering a motion to compel arbitration. If the following facts exist, the convention requires the district court to order arbitration:

**3.** To blindly follow the procedural posture of this action in the state court would ignore the reality that American Home is the plaintiff and Agrupacion and Ceramic are the defendants in Ameri-

can's cross-claim. A rule that would allow a plaintiff to defeat a defendant's right to removal by a refusal to join in, or consent to, the removal would be unacceptable.

(1) There is an agreement in writing to arbitrate the dispute;

(2) The agreement provides for arbitration in the territory of a convention signatory;

(3) The agreement to arbitrate arises out of a commercial legal relationship; and,

(4) There is a party to the agreement who is not an American citizen.

*Sedco v. Petroleos Mexicanos Nat'l Oil,* 767 F.2d 1140, 1144–45 (5th Cir.1985). The parties do not dispute, and the court finds, that all of those factors exist in this case.

As noted above, American Home argues that the motion is precipitous because the claims brought in its cross-claim pursuant to the general agreement are by their very nature contingent liabilities that are wholly dependent on the resolution of Acme's underlying contractual causes of action. American Home reasons that it and Agrupacion should not be compelled to arbitrate their dispute until after Acme has established Agrupacion is liable to Acme. As the court has already explained, such an argument ignores American Home's claim for costs and attorney's fees, which is not contingent on the liability of Agrupacion to Acme. The court is ordering that the parties proceed with arbitration as to the issues presented by the cross-claim against Agrupacion.

## V.

### *The Request for Stay*

Section 208 provides that "[c]hapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208. Chapter 1, § 3 provides that:

If any suit or proceeding be brought in any of the courts of the United States upon which any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until

such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Because the court has determined that the issue involved in American Home's cross-claim against Agrupacion is referable to arbitration, the court must either stay or dismiss American Home's cross-claim against Agrupacion. Inasmuch as the arbitrator presumably will render a final decision on issues presented by the cross-claim, the court has determined that such claim should be dismissed without prejudice.

## VI.

### *Remand of All Other Claims*

Because the court is ordering American Home and Agrupacion to arbitrate American Home's cross-claim against Agrupacion and that such cross-claim should be dismissed, the original basis for subject matter jurisdiction in this action no longer exists. Once the original basis for subject matter jurisdiction is eliminated from the case, the district court has discretion to remand the state law claims over which it has only supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The court has concluded that such a remand would be appropriate in this action.

There is no need for the court to rule on the motion of American Home for leave to file third-party petition as that is a matter that can be dealt with by the state court following remand.

## VII.

### *Order*

For the reasons discussed herein,

The court ORDERS that the motions of Acme and American Home for remand be, and are hereby, denied.

The court further ORDERS that: (a) Agrupacion's motion to compel arbitration be, and is hereby, granted; (b) American Home and Agrupacion arbitrate the issues presented by American Home's cross-claim against Agrupacion pursuant to the arbitra-

tion clause contained in the general agreement; (c) the cross-claim of American Home against Agrupacion be, and is hereby, dismissed without prejudice; and (d) all remaining claims in the above-styled and numbered action be, and are hereby, remanded to the 141st Judicial District Court of Tarrant County, Texas.