ALFA MUTUAL INSURANCE COMPANY, as subrogee of Jimmy Qualls, individually and, as parent and next friend of Janna Qualls, Plaintiff,

v.

Devin Michelle SANDERS, Defendant,

and

Devin Michelle SANDERS, by and through her father and next friend, Wiley Dwight SANDERS, and Wiley Dwight Sanders, Individually, Third–Party Plaintiffs,

v.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a corporation, Third–Party Defendant.

Terry ARCHIE, etc., Plaintiffs,

v.

Devin Michelle SANDERS, Defendant.

George E. STEVENS, III, etc., Plaintiffs,

v.

Devin Michelle SANDERS, Defendant.

Vickie VEASEY, etc., Plaintiffs,

v.

Devin Michelle SANDERS, et al., Defendants.

Civ. A. Nos. 94–D–597–N, 94–D–933–N, 94–D–934–N and 94–D–1274–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 4, 1994.

John M. Peek, Powell, Peek & Weaver, Andalusia, AL, for Alfa Mut. Ins. Co.

James Harvey Tipler, Frank J. Tipler, Jr., The Tipler Law Offices, Andalusia, AL, for Terry Archie, George E. Stevens, III.

Michael L. Jones, Jr., Andalusia, AL, for Vickie Veasey.

B. Stephen Sansom, Florala, AL, for Devin Michelle Sanders, Wiley Dwight Sanders.

Horace Cecil Ireland, III, Porterfield, Harper & Mills, P.A., Birmingham, AL, for First National Ins. Co. of America.

## MEMORANDUM OPINION AND ORDER [1]

De MENT, District Judge.

On May 19, 1994, third-party defendant First National Insurance Company of America ("First National") filed a Notice of Removal to this court predicated on diversity jurisdiction. ALFA Mutual Insurance Company ("ALFA"), the plaintiff in the original action, filed a Motion to Remand this cause to the Circuit Court of Covington County, Alabama on May 23, 1994. Following First National's response in opposition to ALFA's Motion to Remand, filed May 25, 1994, ALFA withdrew its motion. For reasons enumerated herein, this court lacks subject matter jurisdiction over this particular action; therefore, this cause is due to be remanded to the Circuit Court of Covington County, Alabama.

### Factual Background

Defendant Devin Michelle Sanders ("Sanders") is accused of negligently and/or wantonly operating a vehicle on County Road 31 in Covington County Alabama on or about June 2, 1993. As a result of Sanders' alleged negligence and/or wantonness, Defendant caused the vehicle in which she was driving to collide with a vehicle driven by Vickie Veasey ("Veasey") which proximately caused injury to Janna Qualls ("Qualls"), a passenger in the vehicle driven by Sanders.

Jimmy Qualls ("Jimmy") owned two automobiles which are covered by ALFA policies at the time of the accident in question. Pursuant to a policy provision, which provides uninsured motorist protection, ALFA paid Qualls' medical expenses. ALFA contends that it became subrogated to the rights of the insured, Qualls, to the extent of the payments made. ALFA brought its action against Sanders in the Circuit Court of Covington County, Alabama, on January 4, 1994, to protect its purported rights.

Original Defendant and third-party plaintiff Sanders, by and through her father and next friend, Wiley Dwight Sanders ("Wiley"), and Wiley, individually, filed an action against First National when it filed an answer in response to ALFA's Complaint on April 28, 1994.[2] This third-party action was also filed in the Circuit Court of Covington County, Alabama. Wiley alleges that First National, in consideration of a premium paid by Wiley, issued to him an automobile insurance policy, which should indemnify Sanders for any funds she expends as a result of

---

1. *ALFA v. Sanders,* 94–D–597–N, is the lead case of a consolidated action which includes the Civil Actions enumerated in the caption: *Archie v. Sanders,* 94–D–933–N; *Stevens v. Sanders,* 94–D–934–N; and *Veasey v. Sanders,* 94–D–1274–N. These cases were consolidated pursuant to Rule 42(a) of the *Federal Rules of Civil Procedure* because they involved common issues of law and fact.

Each of the cases consolidated herein arose from the subject accident, and the plaintiff in each case (consolidated with the lead case) was a passenger in the vehicle driven by Devin Michelle Sanders on the night that she allegedly caused the accident. Each plaintiff in the individual cases brings an action against Sanders.

Also, Devin Sanders and Wiley D. Sanders, her father, are third-party plaintiffs and First National is the third-party defendant in each case consolidated herein. Moreover, in each cause consolidated herein, Wiley Sanders asserts that First National is liable for any monies expended by Devin or Wiley Sanders as a result of the subject accident because Wiley Sanders allegedly owns a insurance policy on the automobile involved in the accident at issue which covers Devin Sanders.

2. Wiley Dwight Sanders is the father of Devin Sanders and owns the vehicle driven by Devin Sanders, his minor daughter, on the night in question.

Qualls' injuries.[3] Wiley contends that this policy was in effect at the time of the accident in question and that the vehicle involved in the accident was insured by said policy. Wiley claims that Sanders, his daughter, was an intended beneficiary of the liability coverage provided by the policy. Therefore, Wiley contends that if Sanders is liable to ALFA, First National is liable to Sanders.

On April 28, 1994, Wiley, also a named defendant in the original action, filed a third-party complaint against First National in the Circuit Court of Covington County, Alabama. Subsequently, First National filed a Notice of Removal to this Court on the basis of diversity jurisdiction. First National asserts that: 1) the third-party litigants are of diverse citizenship as it is incorporated in the State of Washington and has its principal place of business in Washington as well, while third-party plaintiffs are Alabama citizens; and 2) the amount in controversy exceeds FIFTY THOUSAND DOLLARS ($50,000.00) because ALFA, the original plaintiff, seeks sixty thousand dollars ($60,000.00), excluding interest and costs. On May 23, 1994, ALFA filed a motion to remand this cause but later withdrew its motion following First National's response in opposition thereto.

### Discussion and Analysis

■ To begin, parties cannot arbitrarily confer subject matter jurisdiction on federal courts. Furthermore, subject matter jurisdiction is nonwaivable and may be questioned at any time by the court *sua sponte* or by initiation of either party. *See* Fed.R.Civ.P. 12(h)(3).

Of greater relevance, the removal of causes to United States District Courts is governed by 28 U.S.C. § 1441. That provision provides in relevant part that:

[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331.... is

joined with one or more otherwise non-removable claims.... the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

A number of federal courts have held that third-party defendants are not capable of removing actions to federal court when the original action could not have been brought in federal court. *See, e.g., Persoff v. Aran,* 792 F.Supp. 803, 804 (S.D.Fla.1992); *Andrews v. Electric Motor Systems, Inc.,* 767 F.Supp. 853 (S.D.Ohio 1991); *Lewis v. Windsor Door Co.,* 926 F.2d 729 (8th Cir.1991). Likewise, leading commentators on the law of federal court jurisdiction agree that third-party defendants lack the authority to remove. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* §§ 3724, 3731 (2d ed. 1985); 1A J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.167[10] (2d ed. 1991).

■ Notwithstanding this general refusal to permit third-party defendants to remove, the United States Fifth Circuit Court of Appeals has held that "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been properly brought in federal court, there should be no bar to recovery." *Carl Heck Engineers, Inc., v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).[4] Therefore, a third-party defendant seeking to remove must bring a sufficiently "separate and independent" claim in order to satisfy the removal requirements of 28 U.S.C. § 1441(c). *Heck Engineers,* 622 F.2d at 136. In *Heck Engineers,* the Fifth Circuit affirmed the finding of the district court that the third-party plaintiff's indemnity claim was sufficiently "separate and independent" from the original plaintiff's liquidated damages claim so as to justify removal.[5] *Id.* at 136.

---

**3.** First National, via policy number F1314690, insured the vehicle driven by Devin Sanders on the night of the alleged accident.

**4.** All decisions of the United States Fifth Circuit Court of Appeals decided before October 1, 1980 which have not been overruled by the United States Eleventh Circuit Court of Appeals are

binding on federal courts situated in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

**5.** The court also points out that the district court in that action severed the third-party action and remanded the main action to state court. 622 F.2d at 136.

Various courts have found that where recovery against one party is dependent upon establishing liability of another party, such claim is not separate and independent. *Baldwin County Eastern Shore Hospital Board, Inc. v. Windham,* 706 F.Supp. 38, 40 (S.D.Ala.1989); *Johnson v. Allstate Insurance Co.,* 633 F.Supp. 43, 45 (S.D.Ala.1986); *See also, Moore v. United States Auto. Association,* 819 F.2d 101, 103 (5th Cir.1987) ("... a claim is not separate and independent if it is contingent on [another] claim").

In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court articulated a standard to determine the validity of removal pursuant to section 1441(c). The *Finn* Court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)." *Finn,* 341 U.S. at 14, 71 S.Ct. at 540. The Court also stated that: "[t]he addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* at 12, 71 S.Ct. at 539.[6]

■ In the matter presently before this court, it is established that the third-party plaintiffs and third-party defendant are of diverse citizenship and the amount in controversy exceeds FIFTY THOUSAND DOLLARS ($50,000.00), excluding costs and interest. Therefore, the pivotal determination regarding whether this court may properly assert jurisdiction over this cause is whether the third-party action is sufficiently "separate and independent" from the main cause.

First National's liability to Wiley, if any, is dependent on whether Wiley, the defendant/third-party plaintiff, is liable to ALFA, the original plaintiff. Since recovery against First National is dependent on a court finding Wiley liable to ALFA, this Court finds that the third-party cause of action is not sufficiently separate and independent to warrant removal.

Moreover, the court finds that the alleged accident on or about June 2, 1993, forms the basis of the original and third-party claims in this cause. The claims and contentions embodied in the original and third-party complaints are part of an interlocked series of transactions or actions which when viewed as a whole cannot be said to be "separate and independent." [7]

### Conclusion

Because First National fails to bring an action against Wiley sufficiently "separate and independent" from the original action, this court deems it expedient and proper and it is CONSIDERED and ORDERED that this cause as consolidated be and the same is hereby REMANDED to the Circuit Court of Covington County, Alabama.

The clerk is DIRECTED to take whatever action is necessary to effect said REMAND.

---

**6.** *See also, Gardner & Florence Call Cowles Found. v. Empire Inc.,* 754 F.2d 478 (2d Cir. 1985) (stating "few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statutes by the *Finn* case").

**7.** All the actions consolidated with the lead case present identical concerns: 1) nondiverse litigants in the original action; 2) diverse litigants in the third-party action; and 3) a third-party action which is not "separate and independent" of the main action. Therefore, each action consolidated with the lead case would likewise be remanded to the Circuit Court of Covington County, Alabama, even if the actions had not been consolidated.