The STATE of Texas, Plaintiff,

v.

$35,180.00, Defendant,

and

Juan Carlos ZULUAGA, Cross–Plaintiff,

v.

S.J. SANDERS, City of Houston, Texas, Chief Contreras, Houston Police Department Narcotic Division, John Doe H., Stafford No. 6, G.W. Doyle and His Dog Yarco # 9410, and All John Doe Officers, Cross–Defendants.

Civil Action No. H–96–1200.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 27, 1996.

**114**

John E. Sherman, Houston, for plaintiff.

Murray Edward Malakoff, City of Houston, Houston, Richard H. Cobb, Houston, for Defendant Sanders.

### MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is State of Texas's Motion for Partial Remand to State Court Pursuant to 28 U.S.C. §§ 1441(c) and 1447(c) (Document No. 10), to which Claimant and Third–Party Plaintiff Juan Carlos Zuluaga ("Zuluaga") has filed his opposition.

The principal action is a civil case brought by the State of Texas for forfeiture of approximately $35,180, which the State alleged was contraband and subject to forfeiture under state law. Respondent Zuluaga answered in state court admitting ownership of $35,180 and praying that it be returned to him. Zuluaga additionally filed a Third–Party Complaint against the City of Houston and certain police officers for the City of Houston. Officer H.A. Contreras removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, based upon federal question jurisdiction because Zuluaga's Third–Party Complaint against Contreras and other Third–Party Defendants was based on 42 U.S.C. § 1983 and alleged violations of Cross–Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

The pending motion filed by the State of Texas is for a remand only of its civil forfeiture action that was filed under state law.

■ A practical question "that neither Congress nor the Supreme Court has yet answered is whether third-party claims ... are removable under Section 1441(c)." C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724 at 168 (2d ed. 1985 & Supp.1996). *See also Renaissance Center Venture v. Lozovoj,* 884 F.Supp. 1132, 1137 (E.D.Mich.1996) ("There is a clear split among the Circuits that have addressed the issue of a third party defendant's ability to remove a case filed in state court.") In the case last cited, the Fifth Circuit is identified as one in which a third-party defendant may remove. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).

Given the propriety of the removal petition filed by Third–Party Defendant Contreras, the next question is whether the Court should decide all issues in the litigation, or remand the entire case if state law predominates, or remand only those matters in which state law predominates. Before it was amended in 1990, § 1441(c) allowed the federal court to "remand all matters not otherwise within its original jurisdiction." The new language permits the Court to "remand all matters in which state law predominates." Several courts have held that the 1990 amendment gives the district court discretion to remand the entire case to state court. C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724 at 167 (2d ed. 1985 & Supp.1996).

■ Inasmuch as the removal petition was filed by a Third–Party Defendant and Plaintiff's motion does not request a remand of the Third–Party Complaint, these separate actions should be individually considered. In *Carl Heck Engineers,* which approved removal by a third-party defendant, the court not only observed that the third-party claim had been distinct and independent from the main claim, and would have been removable if sued upon alone, but also emphasized that such was particularly true where, as in that case, the trial court severed the third-party

action and remanded the main claim to state court so that removal did not defeat plaintiff's choice of forum. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d at 136. *See also In Re Wilson Industries,* 886 F.2d 93, 97 (5th Cir.1989).

 In the instant case Defendant Zuluaga, who could not have removed the principal case from state court to federal court because it is purely a state action, now attempts to hold that case in federal court based upon the removal petition of a third-party defendant who was sued by Zuluaga. If removal of the principal case is allowed to stand, this would defeat the Plaintiff's choice of forum. In fact, the principal case could not have been filed in federal court because federal court would have had no jurisdiction to decide it.

On the other hand, Zuluaga's Third–Party Complaint against the City of Houston and certain of its police officers, which does not implicate nor involve Plaintiff State of Texas as a party, could have been brought in federal court and, if separately filed in state court, it could have been properly removed based upon federal question jurisdiction. In all respects it is a distinct and independent claim against third parties that could have been filed regardless of whether the State had filed its state law forfeiture action.

Under the circumstances, the Court finds that the case was properly removed with respect to the Third–Party Complaint, and that Plaintiff State of Texas's Motion for Partial Remand of the principal case, in which state law predominates, should be GRANTED. Accordingly, it is

ORDERED that the third-party action filed by Juan Carlos Zuluaga against S.J. Sanders, H.A. Contreras, and others is SEVERED from the principal action and shall remain pending on the docket of this Court but henceforth with a new style as follows: "JUAN CARLOS ZULUAGA, Plaintiff v. S.J. SANDERS, ET AL., Defendants"; and it is further

ORDERED that the severed principal cause of action, STATE OF TEXAS v. $35,-180.00, in which state law predominates, shall be remanded to the 234th Judicial District Court of Harris County, Texas as required by 28 U.S.C. § 1447, and the Clerk shall notify all parties and provide them with a true copy of this Order.