**Joseph GRANDE, et al., and All Others Similarly Situated, Plaintiffs,**

v.

**COUNTY OF WAYNE, et al., Defendants.**

No. 02–71113.

United States District Court, E.D. Michigan, Southern Division.

June 5, 2002.

Peter W. Macuga, Steven D. Liddle, Macuga & Liddle, PC, Detroit, for Plaintiff Counsel.

R. Craig Hupp, Kurt M. Brauer, G. Chris Bernard, Bodman, Longley & Dahling LLP, Detroit, for Defendant Counsel.

### MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

### I. INTRODUCTION

This case is the latest in a series arising out of a severe rainstorm on or about September 10–12, 2000, that caused massive basement flooding in the Downriver Communities of Wayne County, Michigan. *See In re Bray, et al.,* Case No. 00–74510, at 1 (E.D.Mich. May 21, 2001). The homeowner plaintiffs in this suit have brought a motion to remand these matters back to the Wayne County Circuit Court, where this action was originally filed. Because the resolution of this suit is intertwined with the interpretation and implementation of the 1994 Consent Decree,[1] it forms the

---

1. My Opinion and Order in *In re Bray,* No. 00–74510 (E.D.Mich. May 18, 2001), provides a detailed discussion of the 1994 Consent Decree and the relationship between the cities and Wayne County. *See also* Consent Decree, *U.S. et al. v. Wayne County, et al.,* Case No. 87–70992 (E.D.Mich. May 12, 1994) (hereinafter "1994 Consent Decree").

necessary nexus for me to assert jurisdiction.

## II. FACTUAL BACKGROUND

In 1987, Wayne County and the Downriver Communities [2] were sued by the United States Environmental Protection Agency (EPA) and the State of Michigan for violations of federal and state water quality laws due to the failure of the Downriver sewer system to comply with the required water quality standards.[3] As a result of this lawsuit, Wayne County and the Downriver Communities entered into the 1994 Consent Decree, which established guidelines for the operation of the Downriver sewer system and also provided a framework to bring the sewer system into compliance with federal, state and local laws.

The 1994 Consent Decree mandates that Wayne County and the Downriver Communities work together to carefully balance the flow of sewage that goes into the sewer system, and to the Wyandotte Waste Water Treatment Plant. This balancing is a continuous process that is particularly important during wet weather events so as to make sure that the flow of sewage going into the system does not exceed the maximum amount of flow that the Wyandotte Waste Water Treatment Plant can properly process.

During wet weather events, such as the one which occurred on or about September 10–12, 2000, the Consent Decree allows Wayne County and the Downriver Communities to "bypass" the system and open gates to release excess flows into the Detroit and Rouge Rivers so as to not overwhelm the sewer system. The Consent Decree addresses which governmental agencies are responsible for the operation of the "bypass gates," which control the flow of sewage through the system and to the waste water treatment plant.

The liability that the homeowners assert against Wayne County is based directly on these provisions in the Consent Decree and the related documents.[4]

Affected homeowners in the Downriver Communities have already brought suit against their respective municipalities.[5] The municipalities then sued Wayne County in third-party complaints, claiming that Wayne County was responsible for the flooding since the County, and not the municipalities, oversaw the operation of the sewers. Wayne County then removed those cases to this court.

Now it appears that the same affected Downriver homeowners are directly suing Wayne County based on events arising out of the basement flooding which allegedly

2. The Downriver Communities which were defendants in the 1987 case and parties to the Consent Decree include: City of Allen Park, City of Belleville, Township of Brownstown, City of Dearborn Heights, City of Ecorse, City of Lincoln Park, City of River Rouge, City of Riverview, City of Romulus, City of Southgate, City of Taylor, Township of Van Buren, City of Wyandotte, and two drainage districts including the Southgate–Wyandottte Relief Drainage District and Ecorse Creek Pollution Abatement Drain. *See* Consent Decree at 7, ¶ F.

3. The caption for this case is: *United States of America, et al. v. Wayne County, et al.,* Case No. 87–70992 (hereinafter the "1987 Clean Water Act case").

4. *See In re Bray,* Case No. 00–74510 at 8 (E.D.Mich. May 21, 2001) (discussing the Consent Judgment and other related documents).

5. The following Downriver Communities have been named as defendants in the underlying homeowner basement flooding lawsuits: City of Allen Park, City of Southgate, City of Ecorse, City of Dearborn Heights, City of Lincoln Park, City of Wyandotte, City of Taylor, City of Inkster and City of Dearborn. *See In re Bray,* No. 00–74510 at 5 n. 2 (E.D.Mich. May 21, 2001) (discussing the homeowner suits).

occurred as a result of the rainstorm on or about September 10–12, 2000. They contend that Wayne County was negligent in its operation of the sewers, and their claims include trespass, nuisance, trespass-nuisance, and unconstitutional taking.

## III. ANALYSIS

I have already found jurisdiction in other cases involving these parties which arose out of the September 10–12, 2000, rainstorm.[6] My jurisdiction in those cases in which the cities sued Wayne County is clearly established on my continuing jurisdiction to resolve disputes between the parties to the 1994 Consent Decree. *See In re Bray*, No. 00–74510 (E.D.Mich. May 21, 2001).

My finding of jurisdiction in those cases was upheld by the United States Court of Appeals for the Sixth Circuit:

> We do not believe the district court's assertion of jurisdiction on the basis of a third-party complaint is such a usurpation of authority or an abuse of discretion as to warrant this court's exercise of authority in mandamus. *See e.g., Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980); *Renaissance Center Venture v. Lozovoj*, 884 F.Supp. 1132 (E.D.Mich. 1995), *aff'd sub nom Quality Lifestyles v. Renaissance Center Venture*, 95 F.3d

1153 (6th Cir.1996) (table). The complaint against Wayne County arises from obligations established in a consent decree entered in a case initiated under federal statute. Although Wayne County did not become a third-party defendant until after removal, we will not use mandamus authority to direct a remand to state court that would simply result in a removal back to federal court.

*See In re Bray*, No. 01–1241, at 4 (6th Cir. August 3, 2001).

As noted by the Sixth Circuit in the aforementioned quotation, it has affirmed jurisdiction in a similar case. *See Quality Lifestyles v. Renaissance Center Venture, et al.*, No. 95–1642, 1996 WL 483023 at *1 (6th Cir.1996). In the district court opinion in that case, Judge Hackett stated that:

> [M]any courts have approved of third-party defendant removal where the third-party complaint states a "separate and independent claim which if sued upon alone could have been brought properly in federal court." . . . These cases present a more rational approach to the issue. As the Fifth Circuit explained in *Heck*, "the language of the [removal] statute does not require only those causes of action joined by the original plaintiff to form the basis of removal." . . . Third-party defendants, like

---

**6.** These cases include: *Lessard, et al. v. City of Allen Park, et al.*, Case No. 00–74306; *Mary Brown, et al. v. City of Allen Park, et al.*, Case No. 00–74415; *Jellen et al. v. City of Southgate et al.*, Case No. 00–74487; *Bray, et al. v. City of Allen Park, et al.*, Case No. 00–74510; *Stewart et al. v. City of Ecorse*, Case No. 00–74885; *Mary J. Brown et al. v. Michigan Municipal Risk Management Authority*, Case No. 00–74926; *Frank et al. v. City of Dearborn Heights, et al.*, Case No. 00–74496; *City of Lincoln Park, et al. v. Wayne County, et al.*, Case No. 01–71902; *City of Inkster, et al. v. Wayne County, et al.*, Case No. 01–71919; *Crum & Forster Ins. Co. v. City of Taylor*, Case No. 01–71405. In addition, I have jurisdic-

tion in the following consolidated cases: *Rader et al. v. City of Lincoln Park, et al.*, Case No. 00–74440, consolidated with *City of Lincoln Park, et al. v. Wayne County, et al.*, Case No. 01–71902; *Taylor et al. v. City of Taylor, et al.*, Case No. 00–74747, consolidated with *City of Taylor v. County of Wayne, et al.*, Case No. 01–72012; and *Page et al. v. City of Inkster, et al.*, Case No. 00–75626, consolidated with *City of Inkster v. County of Wayne, et al.*, Case No. 01–71919. *See In re Bray*, Case No. 00–74510 at 11 (E.D.Mich. May 21, 2001) (listing homeowner cases), *Rader et al. v. City of Lincoln Park, et al.*, Case No. 00–74440 at 5 (E.D.Mich. Aug. 17, 2001).

other defendants that have not chosen to be in state court, should be and are allowed to remove separate and independent claims.

*Renaissance Center Venture, v. Lozovoj et al.*, 884 F.Supp. 1132, 1137–38 (E.D.Mich. 1995) (Hackett, J.) (citations omitted). Given that I have jurisdiction over the third-party complaints which arose out of the same series of events, it follows that I have jurisdiction over the direct removal of this case by defendant Wayne County.

Similarly, I have subject matter jurisdiction over this case since the resolution of plaintiffs' claims affects defendants' compliance with the 1994 Consent Decree. Plaintiffs are directly suing Wayne County based upon the negligent administration of the sewer system, which they allege was the direct cause of the basement flooding. As discussed above, the administration of the Downriver sewer system during wet weather events is governed by the terms of the 1994 Consent Decree. In the 1994 Consent Decree, I expressly retained jurisdiction, as cited in § 5 of the Statement of Facts by plaintiffs.

Even without the express retention of jurisdiction, a district court has inherent jurisdiction over the claim, of any suit, if the claim threatens the integrity of a consent decree. "[E]ven if the consent decree does not expressly grant the district court jurisdiction to modify the decree, it is well settled that 'courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.' " *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1018 (6th Cir. 1994). Hence, since the resolution of plaintiffs' claims will rely on the interpretation of the 1994 Consent Decree, federal jurisdiction is proper.

It is immaterial that the homeowner plaintiffs are not signatories to the 1994 Consent Decree. The Downriver Communities and Wayne County are parties to the 1994 Consent Decree as representatives of their citizens.

Further, in applying the All Writs Act, the United States Supreme Court has stated that, "[T]he power conferred by the Act extends, under the appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *U.S. v. New York Telephone Co.*, 434 U.S. 159, 174, 98 S.Ct. 364, 373, 54 L.Ed.2d 376 (1977).

## IV. CONCLUSION

For the aforementioned reasons, plaintiffs' motion for remand is DENIED.

IT IS SO ORDERED.