**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of May 1, 2007 for Securitized Asset Backed Receivables LLC Trust 2007–BR4, Plaintiff/Counter–Defendant,**

v.

**George J. FOXX, Unknown Spouse of George J. Foxx; Unknown Tenant # 1, and Unknown Tenant # 2, Defendant/Counter–Plaintiff/Third–Party Plaintiff,**

v.

**Ocwen Loan Servicing, LLC, Third–Party Defendant.**

**Case No. 8:13–cv–00115–MSS–TBM.**

United States District Court, M.D. Florida, Tampa Division.

April 15, 2013.

Jennifer B. Levy, Joy T. Reid, Natasha L. Coyle, Robert C. Okon, Sandra Rodriguez–Hickman, Steven J. Clarfield, Clarfield Okon Salamone & Pincus, PL, West Palm Beach, FL, Michael D. Starks, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, FL, for Plaintiff/Counter–Defendant.

George J. Foxx, Tampa, FL, pro se.

Jeffrey C. Sirolly, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, FL, for Third–Party Defendant and Counter–Defendant.

## ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Defendant George J. Foxx's Opposition to Notice of Removal by Ocwen and Deutsche Bank, which this Court construes as a motion to remand, (Dkt. 5) and the Response in opposition thereto filed by Third–Party Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and Plaintiff/Counter–Defendant, Deutsche Bank National Trust Company, as Trustee Under Pooling and Servicing Agreement Dated as of May 1, 2007 for Securitized Asset Backed Receivables LLC Trust 2007–BR4 ("Deutsche Bank") (Dkt. 14). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's construed motion to remand.

### I. BACKGROUND

On June 15, 2011, Plaintiff Deutsche Bank filed a verified Complaint in state court for foreclosure against George J. Foxx ("Foxx"), Foxx's Unknown Spouse, Unknown Tenant # 1, and Unknown Tenant # 2. (Dkt. 2) On December 4, 2012, Foxx filed in state court what is titled "Counterclaim(s) and Demand for Trial by Jury Affirmative Relief in Wrongful Foreclosure Action," which this Court construes as a third-party Complaint ("Foxx's Third–Party Complaint"). (Dkt. 3) In Foxx's Third–Party Complaint, he alleges that Ocwen and Deutsche Bank violated both federal and state laws. Specifically, as to the alleged federal violations, Foxx alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA")(Count I); the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")(Count II [1]); the Racketeer In-

---

1. Foxx in Count II alleges, "Violation of Florida Statutes § 559.55 et seq., and Federal Fair
Debt Collection Practices Act (FDCPA) 15 USC § 1692 et seq." (Dkt. 3 at 13)

fluenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA")(Count XI), and the Trade Commission Act, 15 U.S.C. § 41, *et seq.* ("TCA")(Count XII).

After the filing of Foxx's Third–Party Complaint, Ocwen and Deutsche Bank filed a Notice of Removal in this Court. (Dkt. 1) In the Notice of Removal, Ocwen and Deutsche Bank assert that removal of the action is appropriate because Foxx could have brought his federal third-party claims and counterclaims in federal court. Foxx, on the other hand, asserts that removal of the action was inappropriate based on the Court's prior decision in *George J. Foxx v. Ocwen Loan Servicing, et al.*, No. 8:11–CV–1766–T–17EAK–EAJ (M.D. Fla. filed Aug. 8, 2011)("Prior Litigation"). Foxx asserts that this Court in the Prior Litigation ruled that his claims were to be tried in state court and the removal of his claims is in contravention of that ruling.

### a. *Prior Litigation*

In the Prior Litigation, Foxx filed suit in this Court on August 8, 2011 against Ocwen, Deutsche Bank, Steven J. Clarfield and Robert C. Okon for wrongfully foreclosing on his home. (Prior Litigation, Dkt. 1) Foxx brought four claims against certain defendants: a claim under the FCRA (Count I); a claim under Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785, ("FCCPA")(Count II); a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201–501.213, ("FDUTPA")(Count III), and a claim for breach of contract (Count IV). *See* (Prior Litigation, Dkt. 48)

On September 19, 2012, the Court dismissed Plaintiff's Count I, FCRA claim, with prejudice after affording Plaintiff two opportunities to amend his Complaint in a manner that presented a cognizable and valid claim under the FCRA. (Prior Litiga-

tion, Dkt. 59 at 7) The Court reasoned that Foxx's Count I failed because there is no private right of action for violations of 15 U.S.C. § 1681s–2(a) and Foxx failed to allege in his Complaint that Ocwen ever received the statutorily required notice from the credit reporting agency. (Prior Litigation, *Id.*) Consequently, with the only claim providing the Court with subject matter jurisdiction dismissed with prejudice, the Court declined to exercise jurisdiction over Foxx's remaining state law claims. (Prior Litigation, *Id.*) The Court did not consider the procedural validity of Foxx's remaining state law claims. (Prior Litigation, *Id.*) The Court stated: "Standing on their own these claims would be better suited for state court, where the complex issues involving the FCCPA, FDUTPA and breach of contract may be considered on their merits, rather than under a procedural rule." (Prior Litigation, *Id.*)

## II. DISCUSSION

In Foxx's motion to remand, Foxx contends that the instant matter should be remanded to state court because in the Prior Litigation this Court ruled that the matter should be tried in state court. In response, Ocwen and Deutsche Bank contend that the removal of this case was consistent with this Court's prior Order in the Prior Litigation. Ocwen and Deutsche assert that Foxx's Third–Party Complaint includes not only the three state claims from the Prior Litigation but also includes five federal law claims, including the FCRA claim which was dismissed with prejudice, and seven additional state law claims. Based on the inclusion of the five federal law claims in Foxx's Third–Party Complaint, Ocwen and Deutsche Bank argue that the three state law claims are not "[s]tanding on their own" as stated in the prior Order but are intertwined with the federal claims. As such, Ocwen and

Deutsche Bank aver that the removal of Foxx's lawsuit is consistent with the Court's prior Order.

Federal court is a court of limited subject matter jurisdiction in which parties to a cause of action must show that the claim is based upon either diversity jurisdiction or the existence of a federal question (i.e. "a civil action arising under the Constitution, laws, or treaties of the United States.") *See* 28 U.S.C. § 1331. Notably, in this case, Foxx does not contend that this Court lacks subject matter jurisdiction; instead, as noted, he contends that the removal was not in keeping with the Court's prior decision. This Court, however, finds that the removal was not in contravention of the Court's prior Order which stated that Foxx's remaining state law claims—FCCPA, FDUTPA and breach of contract claims—*standing on their own* would .be better suited for state court. In this case, Foxx's remaining state law claims from the Prior Litigation are no longer standing alone but standing with five federal claims.

Foxx's five federal claims are related to the underlying action, but the claims are also sufficiently separate and independent such that a judgment on Foxx's five federal claims alone can be properly rendered. As such, Foxx's federal claims provide the jurisdictional basis for this Court to hear Foxx's third-party action and the underlying foreclosure action. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir.1980)(permitting removal on the basis of a third-party claim where a separate and independent controversy is stated.); *Hayduk v. United Parcel Service, Inc.*, 930 F.Supp. 584, 589 (S.D.Fla.1996) ("[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, then third-party removal is permissible.") (omitted internal citation).

Moreover, after receiving the service of process of Foxx's Third–Party Complaint, Third-party Defendant, Ocwen, removed the action within the thirty days prescribed by 28 U.S.C. § 1446(b).

Accordingly, Foxx's Opposition to Notice of Removal, which is construed as a motion to remand, is **DENIED**.