[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11953

_____

D.C. Docket No. 2:13-cv-01881-MHH


PHILIP BOWLING,
JENNIE M. BOWLING,

Defendants/Third-Party Counterclaim Plaintiffs-Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION, As Trustee for C-Bass
Mortgage Loan Asset-Backed Certificates, Series 2007-SP2,
LITTON LOAN SERVICING, LP,
OCWEN LOAN SERVICING, LLC,

Third-Party Counterclaim Defendants-Appellees

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 23, 2020)

Before ROSENBAUM, BRANCH, and HIGGINBOTHAM,[*] Circuit Judges.

ROSENBAUM, Circuit Judge:

Perhaps some might think removal is not the most riveting topic. But it's important: the removal statutes establish the basis for federal jurisdiction in qualifying cases originally filed in state court. And every so often, a new Supreme Court case comes along that changes the removal playing field—at least in our Circuit. That's what happened here.

After the district court upheld Third-Party Counterclaim Defendants U.S. Bank National Association, Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC's removal of this case from Alabama state court, the Supreme Court issued *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). That case had the effect of upending *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), our longstanding Circuit precedent on removal by third-party counterclaim defendants.

As a result, we must reverse the district court's denial of Defendants/Third-Party Counterclaim Plaintiffs-Appellants Philip and Jennie Bowling's motion to remand, which was based in substantial part on *Carl Heck*. And since we conclude that the district court erred in denying the Bowlings' motion to remand, the district

---

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

court's order granting the Third-Party Counterclaim Defendants' motion for summary judgment must be vacated, and the entire case must be remanded to state court.

## I.

In 1986, Defendants/Third-Party Counterclaim Plaintiffs-Appellants Philip and Jennie Bowling bought a house located in Birmingham, Alabama. To pay for the house, the Bowlings obtained a 30-year mortgage loan from First Security Mortgage Corporation. As a part of this loan, the Bowlings executed a promissory note in favor of First Security. Over the life of the loan, the note and mortgage were transferred several times. Most recently, in July 2012, Bank of America assigned the loan to Third-Party Counterclaim Defendant-Appellee U.S. Bank National Association.

For many years, the Bowlings made their loan payments. But they began missing payments in 1999, and after that, they hovered in and out of default for some time. During this period, the servicer of the loan was Third-Party Counterclaim Defendant-Appellee Litton Loan Servicing, LP. The Bowlings continued this pattern until they made their last payment (which was not the final payment required) on the loan in August 2011, just before Third-Party Counterclaim Defendant-Appellant Ocwen Loan Servicing, LLC, replaced Litton as the loan servicer on September 1, 2011.

Between September 20, 2011, and August 2012, Ocwen and the Bowlings had various communications related to foreclosure and Ocwen's responsibilities under federal law. The following month, on September 24, 2012, Ocwen accelerated the loan and provided a notice to the Bowlings that a foreclosure sale was scheduled for October 24, 2012.

WGB, LLC, purchased the Bowlings' house for $178,000.00 at the October 24, 2012, foreclosure sale. But the Bowlings refused to vacate the property.

So in Alabama state court, WGB filed a Complaint against the Bowlings for ejectment. In response to the ejectment action, the Bowlings filed what they titled an "Answer and Counterclaim." The filing added three new parties to the action—U.S. Bank, Ocwen, and Litton (the "Third-Party Counterclaim Defendants")—and it added fifteen claims that were a mix of state and federal claims. With respect to the federal claims, the Bowlings asserted violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA"). The Bowlings directed all claims in the "Answer and Counterclaim" at the three new Third-Party Counterclaim Defendants and none against the original plaintiff WGB.

The Third-Party Counterclaim Defendants removed the entire case to federal court, asserting that removal was proper under either 28 U.S.C. § 1441(a) or 1441(c). Primarily, they argued that Section 1441(c) supported removal. The Bowlings

4

opposed removal and filed a motion to remand the case to state court.

After reviewing the Bowlings' motion to remand, the district court denied it. But it severed WGB's original ejectment claim and remanded that to Alabama state court. As a result, WGB was no longer a party to the federal proceedings.

Meanwhile, in the federal proceedings, the Third-Party Counterclaim Defendants moved for summary judgment on the federal claims (TILA, RESPA, FCRA, and FDCPA). The Bowlings opposed and sought to strike the declaration testimony of one of the Third-Party Counterclaim Defendants' witnesses and all exhibits that were a part of that testimony, on the grounds that the witness's testimony was not based on personal knowledge. After the issues were fully briefed, the district court denied the Bowlings' motion to strike and granted the Third-Party Counterclaim Defendants' motion for summary judgment on the federal claims. The court declined to exercise supplemental jurisdiction over the remaining state-law claims and instead remanded them to the Alabama state court.

The Bowlings timely appealed the rulings denying remand, denying the motion to strike the declaration testimony, and granting summary judgment on the claims against the Third-Party Counterclaim Defendants.

## II.

We review *de novo* the denial of a motion to remand. *Blevins v. Aksut*, 849 F.3d 1016, 1018 (11th Cir. 2017). The right to removal is statutory. *Global Satellite*

5

*Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (citation omitted).    But because removal jurisdiction implicates "significant federalism concerns," we construe removal statutes strictly.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction.  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

The district court denied the motion to remand because it concluded that the Third-Party Counterclaim Defendants properly removed the case from state court under 28 U.S.C. §1441(c).[1]  Our predecessor Court analyzed a prior version of § 1441(c) in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).[2]  The district court relied on *Carl Heck* in finding the Bowlings' federal claims against the Third-Party Counterclaim Defendants removable, and the Third-Party Counterclaim Defendants likewise invoke *Carl Heck* on appeal.  For these reasons, we review *Carl Heck* in some detail.

---

[1] The Third-Party Counterclaim Defendants also argued that 28 U.S.C. § 1441(a) authorized removal of the case from Alabama state court.  The district court did not opine on this argument, since it found the case properly removed under § 1441(c).  On appeal, while the Third-Party Counterclaim Defendants originally urged § 1441(a) as an alternative basis for affirming the district court's decision, they have since conceded that the Supreme Court's recent decision in *Home Depot U.S.A, Inc. v. Jackson*, 139 S. Ct. 1743 (2019), means that § 1441(a) does not provide a basis for removal.  We agree.  More on *Home Depot* later.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

At the time *Carl Heck* was decided, § 1441(c) read as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1976).

In *Carl Heck*, Carl Heck Engineers, Inc., the plaintiff, sued Lafourche Parish Police Jury in Louisiana state court. 622 F.2d at 134. Carl Heck sought liquidated damages on a contract Heck had with Lafourche concerning engineering services for the building and repair of public roads. *Id.* Lafourche then filed a third-party claim against Maryland Casualty Company. *Id.* at 134-35. In that third-party claim, Lafourche asserted that Maryland was required to defend Lafourche and hold it harmless from Heck's claim. *Id.* Lafourche based its claim on an agreement Lafourche and Maryland had reached for Maryland to take over the responsibilities on the road project for the general contractor (Douglas G. Lambert Contractor, Inc.), whom Lafourche had previously separately contracted with and who had abandoned the project before completion. *Id.* at 134.

Maryland removed the action to federal court. *Id.* at 135. In response, Lafourche moved to remand the entire case to state court. *Id.* The district court denied Lafourche's motion, holding that the action was properly removable to federal court under the then-existing version of § 1441(c). *Id.* It noted that diversity

7

of citizenship existed between Maryland and Lafourche,[3] and the third-party claim would be removable if Lafourche had separately sued Maryland on it. *Id.* Finally, the district court concluded that Lafourche's claim against Maryland, while related to the circumstances surrounding Carl Heck's claim filed in the original case, was separate and independent from the claim Carl Heck alleged. *Id.*

Our predecessor Court affirmed. *Id.* at 137. It reasoned that "the language of the statute does not require only those causes of action joined by the original plaintiff to form the basis of removal." *Id.* at 136. Rather, the Court explained, the statute allowed for the removal of third-party claims that were "not unrelated to the main claim [in the original action], but sufficiently independent of it that a judgment in an action between [the parties to the third-party claim] alone can be properly rendered." *Id.* In our predecessor Court's view, removal made sense because "[s]uch actions can be and often are brought in a separate suit from that filed by the original plaintiff in the main claim." *Id.* And since it found that Lafourche's claim against Maryland stated a "separate and independent claim which if sued upon alone could have been brought properly in federal court," the old Fifth Circuit concluded that the case was

---

[3] Under the then-existing version of § 1441(c), the satisfaction of diversity jurisdiction, as well as of § 1441(c)'s other requirements, sufficed to permit removal. But the current version of § 1441(c) allows for removal only when federal-question jurisdiction exists, in addition to fulfillment of the rest of § 1441(c)'s requirements. This difference between the prior and current versions of § 1441(c) makes no difference to our analysis of whether § 1441(c) authorizes removal in the Bowlings' case, since the Bowlings' claims against the Third-Party Counterclaim Defendants clearly satisfy current §1441(c)'s federal-question requirement.

properly removable. *Id.*

In light of *Carl Heck* and its post-Circuit-split Fifth Circuit progeny, the district court here understandably concluded that the Third-Party Counterclaim Defendants' claims were removable under § 1441(c).  After all, the Bowlings' federal claims against the Third-Party Counterclaim Defendants, though related to WGB's ejectment action, were just as separate and distinct from that action as Lafourche's claim against Maryland was from Carl Heck's claim against Lafourche. Nothing required the Bowlings' federal claims against the Third-Party Counterclaim Defendants to be litigated with WGB's ejectment action against the Bowlings. Indeed, as was the case with Lafourche's claim against Maryland, the Bowlings could have separately filed their claims against the Third-Party Counterclaim Defendants here.  And if they had done so, the Third-Party Counterclaim Defendants might have been able to remove the case to federal court under the current version of § 1441(c), since the Bowlings' would-be separate action had "claim[s] arising under the . . . laws . . . of the United States" and perhaps included claims satisfying the phrase "claim[s] not within the original or supplemental jurisdiction of the district court or . . . claim[s] that ha[d] been made nonremovable by statute."[4]  28

---

[4] Here, we need not decide whether the Bowlings' federal claims against the Third-Party Counterclaim Defendants qualified under § 1441(c)(1)(B)'s provision as claims "not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute."  As we explain later in this opinion, the Supreme Court's recent ruling in *Home Depot* abrogates *Carl Heck* and renders the Bowlings' third-party claims non-removable here, regardless of whether they would have been removable had the Bowlings filed them in a

U.S.C. § 1441(c).

But the removal playing field has dramatically changed since the district court issued its order denying remand of the entire case against the Third-Party Counterclaim Defendants. As promised, *see supra* at notes 1 & 4, we now get to the removal game-changer: *Home Depot U.S.A, Inc. v. Jackson*, 139 S. Ct. 1743 (2019).

In *Home Depot*, the Supreme Court clarified the types of defendants that qualify as "defendants" who can obtain removal under § 1441(a). And its analysis leaves no doubt about two things. First, even though *Carl Heck* involves § 1441(c), *Carl Heck* is no longer good law because it is impossible to read the statute as a whole and conclude that the same term in (a) and (c) has different meanings. And second, § 1441(c) does not provide for removal jurisdiction of the Bowlings' claims against the Third-Party Counterclaim Defendants here because (a) is the operative clause that authorizes removal, and (c) merely adds a condition for certain types of civil cases.

Because *Home Depot* abrogates our forty-year-old precedent *Carl Heck* and requires reversal of the district court's order denying remand here, we discuss it at length. In *Home Depot*, Citibank, N.A., filed a debt-collection action against Jackson in state court. *Home Depot*, 139 S. Ct. at 1747. The action contended that

---

separate action. We therefore do not opine on whether, under the current language of § 1441(c), the Bowlings' federal claims would have been removable if the Bowlings had filed them as plaintiffs in a new action.

Jackson was liable for charges he made on his Home Depot credit card. *Id.* In response, Jackson filed an answer, as well as a counterclaim against Citibank and third-party class-action claims against Home Depot and Carolina Water Systems, Inc. *Id.* Essentially, the claims alleged that Home Depot and Carolina Water Systems had schemed to induce homeowners to buy water-treatment systems at inflated prices and that Citibank was jointly and severally liable for this alleged conduct. *Id.*

Citibank soon dismissed its claims against Jackson, and Home Depot removed the case, citing, among other statutes, § 1441. *Id.* Jackson moved to remand and amended his third-party class-action claims to eliminate any reference to Citibank. *Id.* The district court granted Jackson's remand motion, and the Fourth Circuit affirmed. *Id.* So did the Supreme Court. *Id.* at 1751.

As relevant here, en route to affirming, the Supreme Court considered whether § 1441(a) authorizes a third-party counterclaim defendant to remove a claim filed against it.[5] *Id.* at 1747-48. Section 1441(a) provides,

> § 1441.  Removal of civil actions
>
> **(a) Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of

---

[5] The Supreme Court used the term "third-party counterclaim defendant" in referring to "a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff." *Home Depot*, 139 S. Ct. at 1747 n.1.

the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The Supreme Court began its analysis of the statute with a discussion of the meaning of the phrase "the defendant or the defendants." *Home Depot*, 139 S. Ct. at 1748. Noting that the phrase must be construed "in light of the structure of the statute and [Supreme Court] precedent," the Court concluded that "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Id.*

Six things demanded this conclusion, the Court reasoned.

First, § 1441(a) refers to "civil action[s]," not "claims." *Id.* The Supreme Court's precedent has long required district courts, in evaluating whether they enjoy original jurisdiction over a given civil action a party seeks to remove, to determine whether the action could have been brought originally in federal court. *Id.* This, in turn, imposes on the district court an obligation to ascertain whether federal subject-matter jurisdiction would have extended to the plaintiff's complaint, had the plaintiff chosen to file in federal court instead of state court. *Id.* But counterclaims are "irrelevant" to determining whether a district court has "original jurisdiction" over a civil action; rather, Supreme Court precedent requires the plaintiff's complaint in the original action to establish "original jurisdiction." *Id.* And "'the defendant' to

12

that action is the defendant to that complaint, not a party named in a counterclaim." *Id.*

Second, the Court pointed to the meaning of the term "defendant" in "related contexts" and noted that it did not include third-party counterclaim defendants. *Id.* at 1749. For example, the Court pointed out that the Federal Rules of Civil Procedure distinguish among "third-party defendants, counterclaim defendants, and defendants." *Id.* In particular, the Court observed, Rule 14 governs "Third-Party Practice," and it distinguishes among "the plaintiff," a "defendant" who becomes the "third-party plaintiff," and "the third-party defendant" sued by the original defendant. *Id.* Similarly, Rule 12 differentiates between defendants and counterclaim defendants in independently identifying when "'[a] defendant must serve an answer' and when '[a] party must serve an answer to a counterclaim.'" *Id.* (quoting Fed. R. Civ. P. 12(a)(1)(A)-(B)).

Third, the Court compared the language of § 1441(a) to that of other removal provisions where Congress "clearly extended the reach of the statute to include parties other than the original defendant." *Id.* In this respect, it noted that 28 U.S.C. § 1452(a) authorizes "'[a] party' in a civil action to 'remove any claim or cause of action' over which a federal court would have bankruptcy jurisdiction." *Id.* Similarly, 28 U.S.C. §§ 1452(a) and (b) permit "'any party' to remove '[a] civil action in which any party asserts a claim for relief arising under any Act of Congress

13

relating to patents, plant variety protection, or copyrights." *Id.* But § 1441(a), the Court explained, allows removal by only "the defendant or the defendants" in a "civil action" in which the district courts enjoy original jurisdiction. *Id.* This difference is significant. *Id.*

Fourth, the Court reasoned that its decision in *Shamrock Oil* also supports the conclusion that "third-party counterclaim defendants are not 'the defendant or the defendants' who can remove under § 1441(a)." *Id.* The Court recounted that in *Shamrock Oil*, it had held that a counterclaim defendant who was the plaintiff in the original action could not remove under § 1441(a)'s predecessor statute. *Id.* Though the Court recognized in *Home Depot* that *Shamrock Oil*, unlike *Home Depot*, involved a counterclaim defendant that had chosen the original state forum when it filed the civil action, the Court nevertheless concluded that the *Shamrock Oil* rule applied equally to the counterclaim defendant in *Home Depot*. *Id.* After all, the Court explained, *Shamrock Oil* did not construe the counterclaim to constitute a different action with a new plaintiff and a new defendant. *Id.* Rather, the *Shamrock Oil* Court emphasized that the original plaintiff remained "the plaintiff," even after the original defendant brought the counterclaim. *Id.*

Fifth, the Court concluded after considering other removal statutes that "the limits Congress has imposed on removal show that it did not intend to allow all defendants an unqualified right to remove." *Id.* (citing 28 U.S.C. §§ 1441(b)(2)).

So the Court found unpersuasive Home Depot's argument that the Court's narrow reading of "the defendant" in § 1441(a) contradicted the history and purposes of removal by precluding a party involuntarily introduced into state-court proceedings from removing the claim against it. *Id.*

And sixth, the Court observed that the broader construction of "the defendant" to include a third-party counterclaim defendant would lead to absurd results in the context of other removal statutes. *Id.* The Court pointed, for example, to § 1446(b)(2)(A) and noted that, if "defendant" were given the broader meaning for which Home Depot advocated, that provision could be construed as requiring "[removal] consent from the third-party counterclaim defendant, the original plaintiff (as a counterclaim defendant), *and* the original defendant asserting claims against them"—in other words, potentially all parties. *Id.* at 1750.

For all these reasons, the Court held that "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Id.*

Though *Home Depot* deals with § 1441(a) and not § 1441(c), its analysis necessarily demands the same conclusion with respect to § 1441(c). Section 1441(c) provides,

> § 1441.  Removal of *civil actions*
>
> **(c) Joinder of Federal law claims and State law claims.—(1)** If a *civil action* includes—

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only ***defendants*** against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (bold, italic emphases added).

Every analytical tool the Supreme Court relied on in *Home Depot* to conclude that counterclaim defendants may not remove a civil action under § 1441(a) applies with equal force to § 1441(c).

First, the text of § 1441 as a whole compels the conclusion that "defendants" means the same in (c) as in (a). As we have noted, "identical words and phrases within the same statute should normally be given the same meaning." *SEC v. Levin*, 849 F.3d 995, 1003 (11th Cir. 2017) (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (quotation marks omitted)); *see also* Scalia & Garner, *Reading Law* § 25, at 170 (2012) ("[a] word or phrase is presumed to bear the same meaning throughout a text" unless context requires otherwise). In

16

reviewing § 1441(c)'s text in the context of § 1441 as a whole, we can discern nothing that justifies a departure from this principle. Indeed, the most natural reading of the statute is that removal is generally authorized under (a), with (c) providing additional criteria for a certain subset of civil actions.

The caption of § 1441, "Removal of *civil actions,*" (emphasis added), also bolsters our textual analysis. As we have noted, "civil actions" is one of the key phrases the Supreme Court relied on in *Home Depot*. *See Yates v. United States*, 135 S. Ct. 1074, 1083 (2015) ("The title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.") (cleaned up). And when we determine whether a claim "aris[es] under" federal law in a "civil action," as § 1441(c) requires us to do, we look to the face of the original plaintiff's complaint. *Conn. State Dental Ass'n*, 591 F.3d at 1343. When we do that with cases that fall under § 1441(c), the "defendants" to that action are the "defendant[s] to that complaint, not a party named in a counterclaim." *Home Depot*, 139 S. Ct. at 1748. So just as "a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action" under § 1441(a), *id.*, it is not germane to whether the district court had federal-question jurisdiction over the "civil action" under § 1441(c).

Taking the Court's remaining reasons out of order, just as *Shamrock Oil* is consistent with the conclusion that "third-party counterclaim defendants are not 'the

17

defendant or the defendants' who can remove under § 1441(a)," *Home Depot*, 139 S. Ct. at 1749, it equally supports the conclusion that third-party counterclaim defendants are not the "defendants" who can remove under § 1441(c). That is so because *Shamrock Oil* did not construe the counterclaim as a different action from the original action, with a new plaintiff and a new defendant. *See id.* And just as in *Home Depot*, here, we are talking about third-party counterclaim defendants who were not parties to the original action they attempted to remove.

As for the remaining points the Supreme Court cited in *Home Depot* when it concluded that a third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a), they do not require additional explanation to show that the same conclusion results with respect to § 1441(c):  the Federal Rules of Civil Procedure still differentiate among third-party defendants, counterclaim defendants, and defendants;  other removal statutes still demonstrate that when Congress wishes to make removal available to parties other than the original defendant, it says so;  "the limits Congress has imposed on removal [still] show that it did not intend to allow all defendants an unqualified right to remove," *Home Depot*, 139 S. Ct. at 1749;  and the broader construction of "defendants" to include a third-party counterclaim defendant would still lead to absurd results in the context of other removal statutes.

For all these reasons, *Carl Heck* cannot govern our construction of the current version of § 1441(c).  Indeed, the text of the current version of § 1441(c) differs in important ways from that of the prior version of the statute.  While the current version of § 1441(c) speaks in terms of permitting removal of a case when a "civil action" contains certain types of claims, the earlier version authorized removal of a case when a "*claim . . . which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or* causes of action."[6]  28 U.S.C. § 1441(c) (1976) (emphasis added).  So while *Carl Heck* partially justified its analysis on the basis that "the language of [the prior version of § 1441(c), which authorized removal of "claims"] does not require only those causes of action joined by the original plaintiff to form the basis of removal," 622 F.2d at 136, the language of the current version of the statute—which authorizes removal of only "civil action[s]"— does in fact demand that only the original plaintiff's claims provide a basis for removal.

In short, to the extent that *Carl Heck*'s interpretation of § 1441(c)'s predecessor statute could have been construed to govern the current iteration of § 1441(c), *Home Depot* has abrogated *Carl Heck*.  Under *Home Depot*, only a

---

[6] Section 1441(c)(2) speaks of "defendants against whom a *claim* . . . has been asserted" rather than "a civil action."  28 U.S.C. § 1441.  But by its terms, § 1441(c) allows removal of only "civil action[s]" that contain such "claims."  Subsection (c)(2) therefore merely clarifies that, when there are multiple defendants in the original "civil action," which would otherwise be removable, only defendants to the claims that might otherwise pose a barrier to removal without § 1441(c) need consent to removal.

defendant to the original action may seek to remove a case under § 1441(c). For that reason, we reverse the district court's order denying remand, vacate the district court's subsequent orders denying the Bowlings' motion to strike and granting summary judgment, and remand to the district court with instructions to remand to the state court.

## III.

After *Home Depot*, *Carl Heck* is no longer good law. And *Home Depot* dictates that third-party counterclaim defendants cannot remove a "civil action" under 28 U.S.C. § 1441(c). As a result, we must reverse the district court's order denying remand, vacate the orders denying the Bowlings' motion to strike and granting summary judgment, and remand to the district court with instructions to remand to the state court.

**REVERSED, VACATED, and REMANDED.**