[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13728

Non-Argument Calendar

_____

CHAMPIONSHIP PROPERTY LLC,

　　　　　　　　　　　　Plaintiff-Counter Defendant-Appellee,

versus

CRYSTAL KAYE COAN,

　　　　　　　　　　　　Defendant-Counter Claimant-Appellee,

BANK OF AMERICA, N.A.,
CARRINGTON MORTGAGE SERVICES, LLC,

　　　　　　　　　　　　Counter Defendants-Appellants,

2                    Opinion of the Court                    20-13728

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

                                                    Counter Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 3:18-cv-01997-MHH

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

A company sued Crystal Coan in state court to evict her from her home.  Coan, in turn, sued various third parties, raising an assortment of mortgage-related claims against them.  Two of those third parties then removed the case to federal court.  The district court held that the case must be remanded to state court because 28 U.S.C. section 1441 allows only the original defendants to a civil action to remove and neither of the third parties were original defendants.  We affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2010, Crystal Coan obtained a mortgage to buy real property in Alabama.  The mortgage was later transferred to Bank of America and Bank of America then assigned the right to

service the mortgage to Carrington Mortgage Services.  Years later, Carrington Mortgage foreclosed on Coan's property and "sold the property at the foreclosure sale . . . to itself."  Carrington Mortgage then sold the property to Championship Property LLC for just over $140,000.

In June 2018, after Coan refused to vacate the property, Championship Property sued Coan for ejectment in Alabama state court.  Months later, Coan answered, arguing that the foreclosure and subsequent sale were unlawful and therefore invalid.  And shortly after that, on November 6, 2018, Coan filed an "Amended Answer and Counterclaim."  In it, she again denied liability.  She also added Bank of America and Carrington Mortgage Services as (what she called) "[c]ounter-[d]efendants."  Coan also asserted claims against Championship Property and Mortgage Electronic Registration Systems ("MERS").

In total, Coan asserted fourteen federal statutory and state common law causes of action and a fifteenth count for declaratory relief—against Championship Property, Carrington Mortgage, Bank of America, and MERS.  Here's what Coan asserted:  negligence against Bank of America and Carrington Mortgage (count one); wantonness against Bank of America and Carrington Mortgage (count two); unjust enrichment against Bank of America and Carrington Mortgage (count three); wrongful foreclosure against Carrington Mortgage (count four); slander of title against Carrington Mortgage and Championship Property (count five); breach of contract against MERS, Bank of America, and Carrington

Mortgage (count six); fraud against MERS, Bank of America, and Carrington Mortgage (count seven); placing in a false light against Carrington Mortgage (count eight); defamation against Carrington Mortgage (count nine); unfair and deceptive trade practices against Bank of America and Carrington Mortgage (count ten); breach of the covenant of good faith and fair dealing against Bank of America and Carrington Mortgage (count eleven); violations of the Real Estate Settlement Procedures Act against Carrington Mortgage (count twelve); violations of the Fair Credit Reporting Act against Bank of America and Carrington Mortgage (count thirteen); violations of the Fair Debt Collection Practices Act against Carrington Mortgage (count fourteen); and a request for declaratory relief against all defendants (count fifteen).

On December 4, 2018, weeks after Coan brought them into the case, Bank of America and Carrington Mortgage removed to federal court. They argued that, while Coan's pleading was labelled an "Amended Answer and Counterclaims," she asserted claims only against newly added parties, not the original plaintiff, Championship Property. So they asked the district court to "realign" the parties and designate Bank of America and Carrington Mortgage as newly added "defendants" who were entitled to remove under 28 U.S.C. section 1441.

Pointing to Coan's federal statutory claims, Bank of America and Carrington Mortgage invoked the district court's federal question jurisdiction. They also invoked the district court's diversity jurisdiction, alleging that Coan was a citizen of Alabama and that

neither Bank of America nor Carrington Mortgage were citizens of that state. Bank of America and Carrington Mortgage also alleged that their case met the jurisdictional amount in controversy threshold because the subject property was purchased for more than $75,000 and Coan sought a declaration that the property belonged to her.

On December 20, 2018, a little more than two weeks after the removal, Coan—the state court defendant—moved to remand. She argued: (1) that Carrington Mortgage, as a "third-party counterclaim defendant," couldn't remove; (2) that section 1441(c)—which (in her view) allowed removal of federal claims joined with "separate and independent" state law claims—wasn't satisfied because her federal claims were not separate or independent; (3) that Carrington Mortgage hadn't satisfied its burden of showing that at least $75,000 was at issue; (4) that removal was improper because there was no evidence that MERS consented to removal; and (5) that Bank of America and Carrington Mortgage were joined as parties under Federal Rule of Civil Procedure 13, not Rule 14, and therefore were "counter-defendants," not third-party defendants.

Fast forward almost a year. After a status conference, the district court, on October 3, 2019, "deni[ed] without prejudice Ms. Coan's motion to remand." Coan represents[1] that, at the status conference, the district court said that it would "entertain a second

---

[1] There is no transcript of the hearing in the record.

motion for remand" after our court decided the then-pending case, *Bowling v. U.S. Bank National Association*, 963 F.3d 1030 (11th Cir. 2020). In the meantime, Coan and MERS settled and the district court dismissed MERS from the case.

We later issued our opinion in *Bowling* and held that third-party counterclaim defendants may not remove under 28 U.S.C. section 1441(c). *Id.* at 1040. A month or so after we issued that decision, Coan, on July 24, 2020, moved to remand again, adopting her prior arguments. Carrington Mortgage and Bank of America responded that Coan's claims against them were not counterclaims because they were not also asserted against Championship Property. Instead, they said, the district court should sever Championship Property's original lawsuit and realign the parties—making Coan the plaintiff and Bank of America and Carrington Mortgage the defendants—before deciding the motion to remand.

The district court granted the motion to remand. It first said that it had "withheld ruling" on Coan's motion to remand—despite the fact that it had denied the motion without prejudice in an earlier order—pending our decision in *Bowling*. The district court then explained that "even if" Championship Property's ejectment action was improperly joined with Coan's counterclaims, we had rejected Bank of America and Carrington Mortgage's proposed remedy—severance and remand of the ejectment action—in *Bowling*, instead reversing because third-party counterclaim defendants cannot remove, even though the district court in that case *had*

severed the original state court action.  Bank of America and Carrington Mortgage timely appealed.

## STANDARD OF REVIEW

We review de novo the legal question of whether the district court properly granted an untimely motion to remand for a procedural defect in removal.  *Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021).  We also review de novo the district court's decision to remand a case to state court for lack of subject matter jurisdiction.  *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

## DISCUSSON

### Appellate Jurisdiction

As in all cases, we must first ensure that we have jurisdiction over this appeal.  *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236 (11th Cir. 2003) ("[W]e must first decide whether we have jurisdiction over this appeal.").  We generally have jurisdiction to review "final decisions," 28 U.S.C. § 1291, and remand orders—like the one on appeal in this case—are final decisions, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 705 (1996) (noting that a "remand order is appealable as a final order under 28 U.S.C. [section] 1291").  But our jurisdiction is limited by 28 U.S.C. section 1447(d), which (broadly) provides that "[a]n order remanding a case to the State

court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).[2]

Despite this sweeping language—placing remand orders beyond our jurisdictional reach—the Supreme Court "has held that [section] 1447(d) bars appellate review only where the remand order is based upon the grounds specified in [section] 1447(c)." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252 (11th Cir. 1999); *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (explaining that the sections "must be read *in pari materia* . . . so that only remands based on grounds specified in [section] 1447(c) are immune from review under [section] 1447(d)"). And there are two grounds for remand in section 1447(c): (1) a "lack of subject matter jurisdiction"; and (2) "any defect other than lack of subject matter jurisdiction" that is raised in a motion to remand "within [thirty] days after the filing of the notice of removal." 28 U.S.C. § 1447(c). We have no appellate jurisdiction, then, over remand orders based on either of those two things.

We've explained that "defects" include a defendant's failure to follow the "legal requisites" of removal, found at 28 U.S.C. section 1446(a) (the filing requirements) and section 1446(b) (the timeliness requirement). *Snapper*, 171 F.3d at 1253. So, for example, the courts of appeals have no jurisdiction over district court orders

---

[2] Section 1447(d) provides two narrow exceptions which allow appellate review in federal-officer removal cases and civil-rights removal cases. Neither of those exceptions are applicable here.

granting timely motions to remand because the removing defendant failed to secure the consent of every co-defendant or failed to remove within thirty days.  28 U.S.C. § 1446(b).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand[.]" *Snapper*, 171 F.3d at 1253.  Notably, we've also held that removal by a home-state defendant is a defect. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.3 (11th Cir. 1998).

Here, we have appellate jurisdiction because the district court remanded due to a defect—but only based on an untimely motion to remand.  Here's what happened.  The district court said, after screening the complaint, that it had subject matter jurisdiction, a notion it never disclaimed.  So the district court didn't remand the case on jurisdictional grounds.  Instead, it granted the motion to remand because the removing parties were not "defendants" entitled to remove.  Removal by defendants who are not entitled to remove is a *defect* in the removal. *Id.* ("[R]emoval by the resident defendants is a procedural, and not a jurisdictional, defect[.]"); *see also Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 926 (5th Cir. 1992) (holding that a removal by a third-party defendant under 28 U.S.C. section 1441(c) was a defect in the removal and barred appellate review).

Because the district court granted the motion to remand based on a defect in the removal, we have appellate jurisdiction if the motion was *untimely*.  28 U.S.C. § 1447(c); *see also In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997)

("[A]n order remanding on procedural grounds . . . upon an un-timely motion . . . is not authorized by [section] 1447(c) and is thus reviewable by this court."). And here, the district court granted an untimely motion to remand. Before the district court, Coan filed two motions to remand. The first one was timely because Coan filed it sixteen days after the case was removed—well within the thirty day limit. But the district court "denie[d] without prejudice Ms. Coan's [initial] motion to remand," and that decision isn't on appeal. The second motion to remand (the one that is on appeal) was untimely, since Coan filed it almost two years after the case was removed. And *that* motion—the untimely one—is the one the district court granted. Because the district court ruled on an un-timely motion to remand, we have jurisdiction over this appeal.[3]

## Merits

Having concluded that we have appellate jurisdiction, we now turn to the merits. This case boils down to *who* can remove a case. The general removal statute allows "the defendant or the defendants" to remove a civil action brought in state court to fed-eral court if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). By the plain terms of the statute, then, only

---

[3] Although the district court (in its order remanding the case) said that it "with-held ruling on the [original] motion to remand," the district court's order on the original motion plainly "denie[d] [it] without prejudice." The district court's later recharacterization—painting its order *denying* the original mo-tion to remand as one *withholding* judgment—can't deprive this court of its appellate jurisdiction.

"the defendant or the defendants" may remove a case. *Id.* Tracking this language, the Supreme Court has held that only the "original defendant" to an action may remove under section 1441(a). *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1749 (2019).

The federal rules "differentiate between third-party defendants, counterclaim defendants, and defendants." *Home Depot*, 139 S. Ct. at 1744. So, for example, a plaintiff asserts a claim against a defendant. Fed. R. Civ. P. 8(a). A defendant may assert a counterclaim against the original plaintiff (also called the counterclaim defendant). Fed. R. Civ. P. 13(a). A defendant may also assert a cross-claim against a co-defendant. Fed. R. Civ. P. 13(g). And a defendant can assert claims against a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(2). That third party is called a "third-party defendant." *Id.* If a defendant asserts claims jointly against a third party *and* the plaintiff, that third party is called a "third-party counterclaim defendant." *Home Depot*, 139 S. Ct. at 1747 n.1. And only the defendant—that is, the "original defendant" to the "civil action"—can remove a case to federal court. *Home Depot*, 139 S. Ct. at 1749.

In our case, Championship Property sued Coan. Coan then asserted what she called "counterclaims" against Bank of America and Carrington Mortgage. As the district court observed, Coan's "counterclaims" were (for the most part) not really counterclaims at all. That's because Coan brought thirteen counts against *just* the third parties, which means that Bank of America and Carrington Mortgage weren't third-party *counterclaim* defendants as to those

claims. Coan did bring two counts against Championship Property along with some of the third parties, making Bank of America and Carrington Mortgage third-party counterclaim defendants as to *those* claims. In any event, because neither Bank of America nor Carrington Mortgage were the *original* defendants in this case, they weren't entitled to remove.

This result follows straight from *Home Depot* and *Bowling*. In *Home Depot*, the plaintiff, Citibank, sued the defendant, Jackson, in a debt-collection action in state court for debt he incurred on a Home Depot credit card. *Home Depot*, 139 S. Ct. at 1744. Jackson counterclaimed against Citibank and asserted third-party class-action claims against Home Depot and Carolina Water Systems Inc. *Id.* Jackson alleged that Home Depot and Carolina Water Systems' unlawful actions—charging for water treatment systems at inflated prices—caused his debt to Citibank and that the three parties (the plaintiff along with the two third parties) were jointly liable. *Id.* Citibank and Jackson dismissed their claims against each other, leaving only Jackson's claims against Home Depot and Carolina Water Systems remaining. *Id.* Home Depot then removed from state to federal court. *Id.* Home Depot also moved to realign the parties to make Jackson the plaintiff and Home Depot and Carolina Water Systems the defendants. *Id.* at 1754. Jackson moved to remand. *Id.* at 1744.

The case made its way up to the Supreme Court. And the Court concluded that the term "defendant" in section 1441(a) didn't include "third-party counterclaim defendants" like Home

Depot—and so Home Depot had no right to remove. *Id.* at 1748. The Court reached this conclusion for several reasons. It explained, for example, that section 1441(a) allows the defendant to a "civil action," not a "claim," to remove a case, which is consistent with our longstanding practice—under the well-pleaded complaint rule—to ask "whether the plaintiff could have filed its operative complaint in federal court." *Id.* at 1748. The Court also reasoned that the federal rules of civil procedure differentiate between defendants, counterclaim defendants, and third-party defendants, and that this weighed against lumping those parties together under the statutory term "defendants." *Id.* at 1749. The Court also pointed out that, "in other removal provisions, Congress has clearly extended the reach of the statute to include parties other than the original defendant"—sometimes making clear, for instance, that "any party" can remove. *Id.* For all of these reasons, the Court concluded that Home Depot—who was not an original defendant but a third-party counterclaim defendant—couldn't remove under section 1441(a).

Our case is strikingly similar. As in *Home Depot*, neither Bank of America nor Carrington Mortgage were original defendants. Instead, Championship Property sued Coan, and Coan (in turn) asserted what looks like various third-party claims and third-party counterclaims against Bank of America and Carrington Mortgage. Just like in *Home Depot*, the removing parties here—Bank of America and Carrington Mortgage—asked the district court to realign the parties to identify *them* as defendants. Indeed, in *Home*

*Depot*, the original plaintiff wasn't even a party to the case by the time it reached the Supreme Court. Still, the Court held that, notwithstanding any possible realignment, the third-party counterclaim defendants were not "defendants"—that is, the original defendants to the action—within the meaning of section 1441(a) and so they weren't entitled to remove. The same follows here.

We extended *Home Depot* in *Bowling*—a case that's almost identical to the one here. There, the plaintiff bought a house after foreclosure. *Bowling*, 963 F.3d at 1033. The plaintiff filed a state court ejectment suit against the defendants (the former homeowners), who kept living on the property after it was foreclosed on. *Id.* The defendants filed an "Answer and Counterclaim" adding three new parties and fifteen state and federal law claims. *Id.* The defendants had directed *all* of the "counterclaims" against the new parties and *none* against the original plaintiff—and so the "counterclaims" weren't really counterclaims at all. The third parties removed, citing sections 1441(a) and (c), and the original defendants moved to remand. *Id.* The district court denied the motion to remand but severed the original case—the plaintiff's ejectment action—and remanded *that* case to state court. *Id.*

We reversed and held that the entire case must be remanded to state court. *Id.* at 1038. In doing so, we extended the *Home Depot* rule—that third-party counterclaim defendants cannot remove—from section 1441(a) to section 1441(c) and from third-party counterclaim defendants to other third parties who don't quite fit the definition of third-party counterclaim defendants. *Id.*

20-13728                Opinion of the Court                15

"Under *Home Depot*," we held, "only a defendant to the original action may seek to remove a case under [section] 1441(c)." *Id.* at 1040. We also applied the rule to third parties who weren't joined to a counterclaim, concluding that the third parties in the case were (just like the third-party counterclaim defendants in *Home Depot*) *not* original defendants and so *not* entitled to remove. *Id.*[4] We remanded to state court. *Id.*

Our case, again, is just the same. A plaintiff (Championship Property) filed an eviction action against a defendant (Coan). The original defendant (Coan) then asserted various claims against third parties (Bank of America and Carrington Mortgage). Those third parties (Bank of America and Carrington Mortgage) then removed and, like the third parties in *Bowling*, argued that the claims against them should be severed from the original ejectment action. As we said in *Bowling*, though, "[u]nder *Home Depot*, only a defendant to the original action may seek to remove a case." *Id.* Because neither Bank of America nor Carrington Mortgage are the original

---

[4] In *Bowling*, we called the third parties "Third-Party Counterclaim Defendants." *See, e.g.*, *Bowling*, 963 F.3d at 1035. The district court in *this* case properly recognized that the third parties in *Bowling* weren't truly third-party counterclaim defendants because, as the district court pointed out, "the original defendants in *Bowling* did not assert a counterclaim against the original plaintiff." What this shows is that the distinction between "third-party counterclaim defendants" and other types of "third-party defendants" is mostly irrelevant. What mattered in *Bowling*, for our purposes, was that the third parties weren't the *original* defendants in the case.

defendant in this case, they were not entitled to remove.  This case must return to state court.

In response, Bank of America and Carrington Mortgage argue that they were misjoined to this case and so the district court erred by failing to sever Coan's claims against them and realign the parties so that Bank of America and Carrington Mortgage would be viewed as the defendants.  To get there, Bank of America and Carrington Mortgage appear to raise two arguments.  First, they suggest that they were fraudulently misjoined to this case—and that we should consider the misjoinder in assessing removal jurisdiction.  Second, they contend that the district court should have severed this case under rule 21 and then realigned the parties.  Neither of these arguments are persuasive.

First, Bank of America and Carrington Mortgage have failed to establish that Coan fraudulently joined or misjoined them to this case.  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  We've held that we can disregard a non-diverse defendant when assessing whether we have diversity jurisdiction over a case in three circumstances:  (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; and (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the

diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.*

But, here, there's no dispute that the parties are completely diverse, so it's not at all clear that the fraudulent joinder doctrine—which we've applied when there's a non-diverse defendant in a case premised on diversity jurisdiction—applies in this case. Indeed, in a case like this one, it makes even less sense to ask whether a non-diverse party was fraudulently joined, since Bank of America and Carrington Mortgage removed partly based on federal question jurisdiction. And whether a non-diverse defendant has been joined is irrelevant when there's federal question jurisdiction. All of this is to say that the fraudulent joinder doctrine is an uneasy fit in this case. And, even if the fraudulent joinder doctrine *were* to extend beyond the joinder of a non-diverse defendant (say, to the joinder of third parties like the ones here), Bank of America and Carrington Mortgage have failed to show how they've met any of the three circumstances for fraudulent joinder, which they had the "heavy burden" to do. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (holding that a defendant failed to meet its "heavy burden of proving that [a party] was fraudulently joined").

Second, Bank of America and Carrington Mortgage's alternative—that the district court should've severed the case under rule 21 and realigned the parties—fares no better. Rule 21 simply provides that, when a party is "misjoin[ed]," the district court may "add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The problem is that, while rule 21 permits a court to

sever parties that have been misjoined once they are in federal court, it says nothing about whether they are a "defendant" under section 1441 such that they can remove to federal court in the first place. *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 817 (5th Cir. 2021) (explaining that a party's reliance on federal joinder rules to justify removal would "put[] the cart before the horse" because, "as with all federal rules, [the joinder rules] appl[y] *after* a federal court has jurisdiction" and so "it would be odd to use the impropriety of joinder under those rules to *establish* jurisdiction").

Even if we were to sever and realign the parties, that wouldn't make Bank of America and Carrington Mortgage *original* defendants. In *Home Depot*, recall, the original plaintiff (Citibank) dismissed *all* of its claims against the original defendant (Jackson). *Home Depot*, 139 S. Ct. at 1747. All that was left at that point were Jackson's third-party counterclaims against Home Depot and Carolina Water Systems—the case was, in effect, severed. *Id.* And those third parties—just like the third parties here—asked to be realigned so that they would stand as defendants in that case. Still, the Supreme Court held that Home Depot and Carolina Water Systems were not the "defendants" under section 1441. The Supreme Court explained: "[B]ecause "the 'civil action . . . of which the district court' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id.* at 1748. Because Bank of America and Carrington Mortgage

20-13728              Opinion of the Court                    19

were not named in the original complaint, they weren't defendants to that complaint.  In short, severing and realigning the parties—essentially what the third parties asked for in *Home Depot*—won't transform our third parties into original defendants.

**AFFIRMED.**